IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEROME TOLLIVER,                         )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    No.  10 C 1879
                                         )
P.O. GONZALEZ #18216, et al.,            )
                                         )
                Defendants.              )

MEMORANDUM ORDER

Counsel for the City of Chicago ("City") and two of its police officers have filed their joint Answer to the First Amended Complaint ("FAC") brought against them by Jerome Tolliver ("Tolliver").  This memorandum order is issued sua sponte to address a problem that counsel have clearly overlooked.

In principal part the Answer, although it includes some admissions, some denials and a few disclaimers under Fed. R. Civ. P. ("Rule") 8(b)(5), sets out this repeated assertion in many of its paragraphs:

> Defendants specifically deny any wrongdoing by any
> Chicago Police Officers and deny that Plaintiff is
> entitled to any relief against any Defendant.

Whenever that assertion is not directly responsive to an allegation in the FAC (as is largely, if not entirely, the case here), it really adds nothing to the dialog, nor does it conform to the mandate of Rule 8(b)(2).  This Court strikes that repeated assertion under Rule 12(f)--but defense counsel should promptly move to renew it to the extent (if any) that it is properly

responsive to particular FAC allegations. Whether or not that can be done, counsel would be well advised to alter his pleading style to fit Rule 8(b).

That however is not substantively significant to any extent, and it would not of itself have triggered this memorandum order. Instead the problem that this Court has noted, but that defense counsel has not, is posed by FAC's Count II sounding in indemnification. FAC ¶17, which is admitted by the Answer, alleges:

> Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

But FAC ¶18, which is <u>denied</u> by the Answer, asserts:

> Defendants P.O. Gonzalez and P.O. Gomez are or were employees of the City of Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

Plainly that combination creates a problem for defense counsel. City has a financial interest in contending that the defendant officers did <u>not</u> act within the scope of their employment (which is the thrust of the Answer ¶18 denial), for that would let City off the hook in terms of liability through indemnification, while the officers have exactly the opposite incentive to spare them from out-of-pocket responsibility. That appears to this Court to present defense counsel with a direct and impermissible conflict of interest, which counsel has not

2

addressed (and has apparently not appreciated).

Finally, added problems appear to be posed by the
affirmative defenses ("ADs") that follow the Answer itself.  Here
they are:

> 1.  AD 1, which asserts qualified immunity on behalf of
> the officers, is impermissibly at odds with the
> FAC--specifically FAC ¶11, which charges that the officers'
> "use of force was unprovoked, unnecessary, unreasonable and
> excessive," and FAC ¶13, which alleges the officers' actions
> "were intentional, willful and wanton."  Such a rejection of
> the FAC's allegations is at odds with the principle that an
> AD accepts a plaintiff's allegations but asserts some other
> ground for nonliability or for lesser liability--see Rule
> 8(c) and the caselaw applying that Rule, as well as App'x ¶5
> to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276,
> 279 (N.D. Ill. 2001).  AD 1 is therefore stricken.

> 2.  AD 2, which asserts the possibility ("To the
> extent...") that Tolliver failed to mitigate his injuries or
> damages, also has difficulty in light of Tolliver's
> allegations (again accepted as true).  If defendants have
> some good faith basis (both subjectively and objectively)
> for asserting such failure, the principles of notice
> pleading require a fleshing out rather than a speculative
> hypothetical.  That being so, AD 2 is also stricken--but

this time without prejudice.

3.   ADs 4 and 5 may state the law correctly, but they do not fit this case (where Tolliver's allegations are credited).   Those ADs are stricken as well.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 2, 2010